### (September 20, 1944.)

ADATH E. WALTERMIRE, Respondent, v. HAROLD P. WALTERMIRE, Appellant.—
Motion for leave to appeal to the Court of Appeals denied. [See *ante*, p. 810.]
All concur.

In the Matter of the Claim of CARMELA NORCISCO, Appellant, against AMERI-
CAN BOOK BINDERY et al., Respondents. STATE INDUSTRIAL BOARD, Respondent.
— Appeal by claimant from a unanimous decision of the additional reviewing
members of the Industrial Board rescinding the action of an individual mem-
ber of the Board in reopening claimant's case. The Board held that more than
eighteen years had elapsed since the date of the. accident, and more than eight
years from the date of the last payment of compensation. The evidence sup-
ports these findings and hence the decision of the Board must be sustained. Deci-
sion affirmed, without costs. All concur.

In the Matter of the Claim of ANNA ROSENBERG, Appellant, against JERSEY
BREAD COMPANY et al., Respondents. STATE INDUSTRIAL BOARD, Respondent.—
Appeal from a decision of the State Industrial Board denying compensation to
appellant. The Industrial Board found that an accident was not established
and that the weight of medical evidence established a cause of death unrelated
to the alleged accident. The evidence sustains both of these findings. Decision
affirmed, without costs. All concur.

In the Matter of the Claim of ANNA CORDEAN, Respondent, against WALTER
LAZAREK et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.— A non-
insured employer, a general contractor and its insurance carrier have been held
liable for compensation in favor of the widow and minor child of a deceased
employee. The Industrial Board found that decedent was an employee of the
noninsured employer. It also found that the accident to decedent was embraced
within the scope of the policy issued to the contractor. The evidence sustains
the finding of the Industrial Board. Award affirmed, with costs to the State
Industrial Board. All concur.

In the Matter of the Claim of EMERSON TREMBLY, Respondent, against INTER-
NATIONAL PAPER COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.
— Appeal by self-insured employer from an award made by the State Indus-
trial Board for six weeks disability benefits. The question presented is as to
the legal sufficiency of the evidence of causal relation between an unusual inci-
dent in the course of claimant's work in his employment and his disability
which was directly occasioned by the reactivation of a quiescent duodenal ulcer.
The unusual incident in his work was having strained to lift a "dam" which
had become stuck while he was in an atmosphere suffused with an unusually large
amount of chlorine gas, and which brought on a spell of heavy coughing. In
the only medical testimony received there was expressed some uncertainty in
its opinion evidence as to the causal relation but we may not say that such
evidence was without some probative force in establishing same, and this, aided
by the evidence of the accidental feature which occurred in claimant's work, the
sequence of the events of his illness and the applicable statutory presumption,
constituted such evidentiary support for the finding that it may not be disturbed.
Award affirmed, with costs to the State Industrial Board. All concur.